# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID CALLOWAY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:10-CV-0308 WL |
| SUPERINTENDENT, WESVILLE CORRECTIONAL FACILITY, | ) ) ) | |
| Respondent. | ) ) | |

**OPINION AND ORDER**

Petitioner David Calloway submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a disciplinary hearing at the Westville Correctional Facility. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons

for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Callaway was charged with "impairment of surveillance" (DE 1 at 1), and the Disciplinary Hearing Board ("DHB") found him guilty and sanctioned him with a loss of five days of earned credit time. Callaway appealed and Superintendent and the final reviewing authority affirmed the finding of guilt.

In ground one of his petition, Callaway states that Indiana Department of Correction ("IDOC") policy requires that hearings be conducted within seven days after the incident occurred but that his hearing occurred more than seven days after the incident. Section 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). Violations of prison disciplinary policies, such as those alleged by this Petitioner in ground one of his petition, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

In ground two of his petition, Callaway asserts that he was denied an impartial hearing officer, and in ground three he alleges that disciplinary policy does not contain a charge that corresponds with the charges against him. These claims implicate rights protected by *Wolff v. McDonnell*.

For the foregoing reasons, the court:

(1) GRANTS the petitioner leave to proceed on grounds two and three of his petition for writ of habeas corpus;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES the claim presented in ground one; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on October 22 , 2010

 s/William C. Lee
William C. Lee, Judge
United States District Court