UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID CALLAWAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:10-CV-0308 WL ) |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner David Callaway, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 alleging due process violations in a disciplinary hearing. On February 10, 2010, Correctional Officer B. Sullivan wrote a conduct report charging Callaway with the disciplinary offense of impairment of surveillance (DE 11-1). Callaway was given a copy of the conduct report by Screening Officer D. L. Dombrowsky on February 24, 2010, and pled not guilty (DE 11-2). Disciplinary Hearing Officer Patricia Antisdel found Callaway guilty on March 3, 2010, and sanctioned him with fourteen days in disciplinary segregation and a loss of five days of earned credit time (DE 11-5). On appeal, the facility head affirmed the hearing officer's finding of guilt (DE 11-6).

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present

documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Callaway's petition raises three grounds. The Court denied Callaway leave to proceed on ground one, in which he asserted his hearing occurred more than seven days after the incident, in violation of Indiana Department of Correction ("IDOC") policy. In ground two of his petition, Callaway asserts that he "was subjected to a partial CAB . . ." and in ground three he alleges that the IDOC disciplinary policy did not contain a charge that corresponds with the charges against him (DE 1 at 3).

In ground two of his petition, Callaway asserts that he was found guilty by a "partial CAB" (DE 1 at 3). To support this claim, he states that the screening officer was part of a hearing body that determined his guilt. The Respondent asserts that there was only one hearing officer, and that the screening officer was not involved in the guilt determination phase of the disciplinary proceedings

Due process requires that decision-makers in prison disciplinary proceedings be impartial in that they have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff v. McDonnell*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). *Wolff* guarantees that the author of the conduct report or someone involved in investigating the incident does not serve as a

hearing officer. *Redding v. Fairman*, 717 F.2d at 1113. (Officials who have a direct personal or otherwise substantial involvement in a judgmental or decision-making role, in the circumstances underlying the charge should not sit as members of the disciplinary board).

The administrative record establishes that Patricia Antisdel was the sole hearing officer (DE 11-5). Officer Dombrowsky was the screening officer before whom Callaway appeared when he was first charged with the offense listed in this conduct report (DE 11-2).

A screening officer might not be impartial within the meaning of *Wolff* if he was involved in the investigation of an incident or the initial decision to bring charges against a prisoner. But here the record establishes that Officer Dombrowsky was not involved in the guilt determination phase of the disciplinary proceeding against Callaway and that Patricia Antisdel was the sole hearing officer. Callaway does not assert that Hearing Officer Antisdel was not impartial.

In ground three, Callaway asserts that the IDOC disciplinary policy "does not have a 209 conduct offense violation. Petitioner cannot prepare for nor defend against a conduct offense that is not listed or described" (DE 1 at 3). The Respondent asserts that this offense was listed and described in Executive Directive #09-34 (DE 11-9), dated June 2, 2009, and was in effect when the conduct report was written against Callaway.

The Respondent's submissions establish that impairment of surveillance is prohibited conduct, including "using curtains, coverings or any other matter or object in an unauthorized manner that obstructs or otherwise impairs the line of vision into an offender's cell or room . . ." (DE 11-9 at 4). The conduct report charged Callaway with

3

impairment of surveillance, and stated that on February 10, 2010, Officer Sullivan "observed a curtain half way on the bars of cell 238 E. Offender Callaway was and has been told to remove the curtain from the bars by myself and other officers on the unit" (DE 11-1).

The Fourteenth Amendment's due process clause guarantees prisoners advance written notice of the charges against them. The purpose of the notice requirement is to inform the prisoner of the factual circumstances supporting the charge and "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell*, 418 U.S. at 564. The Respondent's submissions establish that Callaway was charged with a valid offense, and that the conduct report sufficiently advised him of the charge against him and of the facts upon which that charge rested.

For the foregoing reasons, the Court now DENIES this petition for writ of habeas corpus.

SO ORDERED on May 20, 2011

                                           s/William C. Lee
                                           William C. Lee, Judge
                                           United States District Court